UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ALLEN DUPREE GARRETT,           1:20-cv-02524-NLH-JS

        Plaintiff,           **MEMORANDUM OPINION & ORDER**

  v.

KAREEKA Z. JOHNSON, et al.,

        Defendants.

---

**APPEARANCE:**

ALLEN DUPREE GARRETT
4366289
CAMDEN COUNTY CORRECTIONAL FACILITY
330 FEDERAL STREET
CAMDEN, NJ 08102
    Plaintiff appearing pro se

**HILLMAN, District Judge**

    WHEREAS, on November 18, 2020, Plaintiff Allen Dupree Garrett, appearing pro se, filed a letter notifying this Court that he wished to terminate his case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (ECF No. 10); and

    WHEREAS, on November 19, 2020, this Court dismissed this action without prejudice (ECF No. 11); and

    WHEREAS, on December 14, 2020, Plaintiff filed a letter requesting this Court to reopen this matter (ECF No. 12); and

WHEREAS, this Court finds reopening this matter is not warranted because Plaintiff has still failed to cure the deficiencies in his complaint that were explained in this Court's Order dated July 8, 2020 (ECF No. 7); and

WHEREAS, on March 9, 2020, Plaintiff filed a complaint against Meg Butler, Kareeka Z. Johnson, and Malika Colvin (ECF No. 1); and

WHEREAS, Plaintiff also filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) pursuant to 28 U.S.C. § 1915(a)(1) (ECF No. 2); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); and

WHEREAS, on July 8, 2020, the Court screened Plaintiff's complaint and granted his IFP application, but found that Plaintiff's complaint was deficient in four significant ways: (1) Plaintiff checked the box for "U.S. Government Defendant," but Plaintiff failed to state how the named Defendants are actors of the United States government and instead stated "Liability of the State Official" in the space provided in the check-the-box options; (2) if Plaintiff has intended to assert a

2

claim for federal question jurisdiction, Plaintiff failed to plead what Constitutional provision or federal law Defendants allegedly violated; (3) if Plaintiff's case is premised on diversity of citizenship, Plaintiff failed to properly plead the citizenship of the parties and diversity would be lacking if any of the Defendants are citizens of New Jersey and Plaintiff is also a citizen of New Jersey; and (4) Plaintiff failed to state a specific legal basis for his claims, which is necessary to establish subject matter jurisdiction (ECF No. 7); and

WHEREAS, the Court provided Plaintiff with twenty (20) days to amend his complaint to properly cure the deficiencies, but ordered that if Plaintiff failed to do so, the case would be dismissed for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3); and

WHEREAS, Plaintiff has not filed an amended complaint, which was due on July 28, 2020;

THEREFORE,

IT IS on this 17th day of December, 2020

ORDERED that the Clerk reopen this matter for purposes of entering this Order; and it is further

ORDERED that Plaintiff's letter request to reopen this matter be, and the same hereby is, DENIED; and is it further

3

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction; and it is further

ORDERED that the Clerk of the Court is directed to mark this matter as CLOSED.


Date: December 17, 2020           s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.